CITY OF MILWAUKEE, Appellant, vs. PUBLIC SERVICE COMMISSION and another, Respondent.

*February 19—March 29, 1948.*

For the appellant there was a brief by *Walter J. Mattison,* city attorney, and *Joseph L. Bednarek,* assistant city attorney, and oral argument by *Mr. Bednarek.*

*James Ward Rector,* counsel, for the respondent Public Service Commission.

For the respondent Froedtert Grain & Malting Company there was a brief by *Miller, Mack & Fairchild, Joseph A. Rapkin,* and *Ronold A. Drechsler,* all of Milwaukee, and oral argument by *Mr. Drechsler.*

HUGHES, J.   In 1927 the city of Milwaukee was desirous of laying feeder mains through the town of Greenfield to increase facilities to its customers in certain areas on the south

side of the city of Milwaukee. It negotiated a contract whereby it acquired the right to lay such mains south along South Forty-third street and east along West Lincoln avenue. In consideration for this easement it agreed to extend service to all abutting property owners.

After the execution of this agreement Froedtert Grain & Malting Company acquired several parcels of land abutting upon Lincoln avenue, built an industrial plant, and made application for service.

The utility contends that the four-inch connection authorized by the commission places such a drain on its facilities as to render the utility incapable of complying with the order. It contends that Froedtert is not an abutting property owner. Its reasoning is difficult to follow, but seems to be that the agreement of 1927 is ambiguous and that because the longest lot on the plat at the time did not exceed one hundred seventy-five feet in depth and that since Froedtert has now acquired a tract five or six hundred feet in depth, it does not qualify under the contract. The contention is unsound. The property lies along West Lincoln avenue. This constitutes abutment in the common acceptance of the term, and no protracted argument would aid the simple statement.

While it is conceded by the utility that it furnishes water to other industrial and commercial users in the town of Greenfield through connections with these mains, it is argued that at the time of the contract in 1927 these were all lots which the appellant contemplated would be used for homes and small businesses, and that because several lots were consolidated into a larger tract for applicant's purposes, the nature of the service asked is not what the utility contemplated. In other words, it contemplated that it would be called upon to furnish small amounts of water to these lot owners, but not large amounts.

In its opinion the trial court pointed out the sufficient answer to this contention. There is nothing in the contract between the utility and the town of Greenfield so limiting the utility's

duty, and the court cannot now write in a provision which the utility wishes it had inserted.

The appellant also challenges the jurisdiction of the Public Service Commission upon the ground that the utility, at most, has a contract obligation to the applicant, and that its duties and the applicant's rights under such contract are not within the jurisdiction of the Public Service Commission, but that applicant must seek relief in the courts. As authority the appellant cites *Nekoosa-Edwards P. Co. v. Public Service Comm.* (1933) 210 Wis. 644, 649, 246 N. W. 428, in which it was said:

"If the plaintiffs have a valid contract with the carriers, and by reason of the carriers filing the canceling tariff they have rendered the contract impossible of performance, the plaintiffs' remedy, if any, is by a suit upon the contract."

In a situation of that kind the plaintiff would be left to a remedy for damages which obviously should be determined in the courts.

In the instant case, however, the utility is still actively engaged in rendering service to users, and it appears equally obvious that the legislature intended that applications for service should be made to the commission, which is in a position to order and supervise the rendition of service in a manner that the courts are not.

Appellant cites *State v. Washburn Waterworks Co.* (1923) 182 Wis. 287, 196 N. W. 537, to the effect that a railroad commission (now Public Service Commission) order requiring a public utility to extend its mains so as to provide water service to twenty-six users was invalid because sec. 196.58 (2), Stats., vested exclusive authority in the municipalities of the state to order such extension of service.

As the trial court held, and as the commission points out in its brief, *State v. Washburn Waterworks Co., supra,* on this point has been nullified by enactment of the legislature of ch. 183, Laws of 1931, creating sub. (5) of sec. 196.58, Stats.:

"The commission shall have original and concurrent jurisdiction with municipalities to require extensions of service and to regulate service of public utilities. Nothing in this section shall be construed as limiting the power of the commission to act on its own motion to require extensions of service and to regulate the service of public utilities."

In addition, we think it important to point out a limitation in the term "extension of service" as used by the commission, the trial court, and by ourselves in the early part of this opinion. Broadly, the order of the commission requires extension of service to the applicant, but perhaps more correctly it should be considered as an order granting service to the applicant, since it authorizes a connection with mains already laid by the utility, as distinguished from an order extending service into new territory which would require the laying of new mains and extension of general facilities.

That question was considered by this court in *Milwaukee v. Public Service Comm.* (1942) 241 Wis. 249, 5 N. W. (2d) 800, where it was held that this utility had the right to procure easements through an adjoining township and agree to give service in specified areas of such town, and that within the limits of its contract it had all of the rights, obligations, and remedies of a utility. It was further held that the city did not thereby become a utility with an indeterminate permit either entitling it to keep other utilities out of the town or requiring it to render service beyond its contractual obligations. The attempt of the commission to require extension of service to territory within the township but outside the area specified in the contract was thwarted in that case.

We here hold only that where the contract of the utility specifies that it shall give service to owners of property which abuts upon a street in which it acquires an easement and lays its mains, the commission has jurisdiction to require the utility to permit such abutting property owner to connect to the main.

Appellant finally contends that the trial court erred in refusing to remand the case to the commission for further hearing.

It appears that the application was not timely. The evidence upon which further hearing was sought was a claim that in the month of August the utility had difficulty maintaining pressure in this area. The request was not made to the trial court until the arguments were in progress, and was too late.

The trial court having properly disposed of all issues presented, the judgment is affirmed.

*By the Court.*—Judgment affirmed.